GARRISON, Judge.
On May 14, 1986, plaintiff, David Dyer, was walking near the intersection of Dryades and Terpsichore Streets in New Orleans when a lightning arrestor owned and operated by the defendant, New Orleans Public Service, Inc. (NOPSI), exploded. According to plaintiff, the force of the explosion knocked him against a wall and sprayed him with burning fragments. The plaintiff allegedly suffered injuries to his head, neck and back and bums on his right leg. The plaintiff sued the defendant claiming that the explosion and his resulting injuries were caused by defendant’s negligence and, furthermore, that defendant should be held strictly liable under LSA-C.C. art. 2317 and 2322 for the dangerous and defective condition of the lightning arrestor.
At trial, the plaintiff testified that he was treated by an orthopedic surgeon for head and neck injuries suffered in the accident. On cross-examination, plaintiff admitted that he did not injure his back in this accident. His testimony also established that he was involved in a streetcar accident less than a month after the explosion accident and that his back was injured in the streetcar accident.
Dr. Kenneth Adatto, the orthopedic surgeon who treated plaintiff after the accident, testified that his initial diagnosis of the plaintiff was that he was suffering from cervical syndrome, burns to his right leg and headaches. At the time of trial, Dr. Adatto’s opinion was that plaintiff needed additional testing and treatment.
Dr. Adatto treated plaintiff for several months following the accident and was not able to state at trial whether plaintiffs back injuries were suffered in the explosion accident or in the streetcar accident.
Salvadore Lisotta, an electrical engineer employed by NOPSI, testified that the force of a lightning arrestor which explodes forty-two feet in the air, as the one in the instant case did, would not be felt on the ground. Specifically, he stated that such an explosion would not knock someone down who was standing on the ground below.
Richard Jones, a claims adjuster and investigator for the Regional Transit Author *629 ity, testified that he spoke to plaintiff following the June 7, 1986 streetcar accident and that plaintiff complained of back injuries suffered in that accident. Furthermore, plaintiff told Jones that he was going to make a claim with the Regional Transit Authority for those injuries.
After trial, the trial judge rendered judgment in favor of plaintiff and against defendant for $4,000.00 in general damages and $496.00 in medical expenses for a total judgment of $4,496.00 together with judicial interest from date of demand until paid. In his reasons for judgment, the trial judge stated his finding that the plaintiff was injured when the lightning arrestor exploded and the resulting falling debris caused first and second degree burns on his lower right leg. The trial judge limited plaintiff’s award to general damages and medical expenses for damages caused by the burn injury because he rejected plaintiffs’ claim for cervical and lumbar injuries which allegedly resulted from the explosion. Plaintiff now appeals this judgment.
On appeal, plaintiff argues that the trial judge erred in only awarding damages for the bums suffered by plaintiff in the accident and not for the injuries to plaintiff’s neck, back and head which he alleges were a direct result of the accident. Specifically, all of plaintiff’s assignments of error can be consolidated into the argument that Dr. Adatto’s uncontradicted expert testimony should have been accepted by the trial judge and compensation for plaintiff’s neck, back and head injuries should have been made.
Although the trial judge found that plaintiff was burned by falling debris caused by the explosion, he was apparently persuaded by NOPSI’s electrical engineer who testified that a lightning arrestor explosion occurring forty-two feet above the ground would not have the effect of knocking someone down on the ground below. Plaintiff alleges that he sustained head, neck and back injuries when the force of the explosion knocked him against the wall.
The trial judge is in the best position to evaluate the credibility of witnesses and he was well within his discretion in disbelieving plaintiff’s allegation that the explosion knocked him against the wall and caused the other injuries which he described to Dr. Adatto following the accident. Furthermore, the plaintiff conceded on cross-examination that he did not injure his back in this accident.
For these reasons, we find that the trial judge did not abuse his discretion in rejecting plaintiff’s claim for damages for head, neck and back injuries. The plaintiff was generously compensated for the bums he suffered as a result of this explosion. Therefore, the trial court judgment is affirmed.
AFFIRMED.